# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Roger Syndell Legette, *a/k/a Roger Syntell Legette*, <br><br> Plaintiff, <br><br> v. <br><br> Alan Wilson, South Carolina Attorney General, Horry County, Horry County Police Department, Matthew Shane Twigg, and Ralph J. Wilson, <br><br> Defendants. | C/A No.: 4:19-1845-JFA-KFM <br><br><br> **ORDER** |

## I.     INTRODUCTION

Roger Syndell Legette, ("Plaintiff"), brings this action pursuant to 42 U.S.C. § 1983 alleging Defendants violated his constitutional rights. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge. The Magistrate Judge assigned to this action[1] prepared two thorough Reports and Recommendations. (ECF No. 9; 23).

After filing his Complaint, Plaintiff filed a Motion for a Temporary Restraining Order or Preliminary Injunction. (ECF No. 3). On July 3, 2019, the Magistrate Judge assigned to this action prepared a Report and Recommendation ("first Report") recommending Plaintiff's Motion for a

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

Temporary Restraining Order or Preliminary Injunction be dismissed. (ECF No. 9). Plaintiff timely filed Objections to the first Report on July 12, 2019, and thus, the Magistrate Judge's first Report (ECF No. 9) is ripe for review.

On August 13, 2019, the Magistrate Judge prepared a second Report and Recommendation ("second Report") which recommends that this Court dismiss Plaintiff's Complaint and decline to exercise supplemental jurisdiction over Plaintiff's state law claims. (ECF No. 23). Plaintiff timely filed Objections to the second Report on August 26, 2019, and thus, the Magistrate Judge's Report (ECF No. 23) is ripe for review.

Additionally, on September 23, 2019, Plaintiff filed a Motion for Writ of Coram Non-Judice (ECF No. 27). On September 30, 2019, Plaintiff filed a Motion for Declaratory Judgment (ECF No. 28). Plaintiff's Motions are also ripe for review. (ECF No. 27; 28).

## II. LEGAL STANDARD

The Court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a de novo review of the specific portions of the Magistrate Judge's Report to which an objection is made. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### III. DISCUSSION

#### a. Magistrate Judge's First Report (ECF No. 9)

On the same day Plaintiff filed his Complaint, he filed a Motion for a Temporary Restraining Order or Preliminary Injunction with respect to the claims he brought in his Complaint. (ECF No. 3). As the first Report sets out, Plaintiff has failed to meet the standard for the issuance of a TRO or preliminary injunction in his Motion or Objections. (ECF No. 3; 9). The Magistrate Judge argues that Plaintiff has not provided anything to substantiate his allegations in his Complaint or current Motion. (ECF No. 1; 3). However, in his Objections, Plaintiff states that this assertion is not supported by the record because he submitted a sworn affidavit establishing the basis of his claim. (ECF No. 3). Plaintiff attached the sworn affidavit to his Objections and it is eleven factual assertions that provide no substantive support for his claims. (ECF No. 12-1). While Plaintiff argues that he has established "beyond all measures of doubt" that he has met the requisite standard for a TRO or Preliminary Injunction, the Court is not persuaded by his Objections. (ECF No. 12). Plaintiff merely states that he has met each element required for the Court to grant his Motion but he does not explain how. Therefore, the Court adopts the Magistrate Judge's first Report (ECF No. 9) and denies Plaintiff's Motion for a Temporary Restraining Order or Preliminary Injunction. (ECF No. 3).

#### b. Magistrate Judge's Second Report (ECF No. 23)

The Magistrate Judge's second Report recommends dismissing Plaintiff's Complaint and declining to exercise jurisdiction over Plaintiff's state law claims. (ECF No. 23). Plaintiff's Complaint stems from his murder conviction in Horry County. Plaintiff asserts that he is innocent and has been wrongfully imprisoned for 23 years. (ECF No. 1). In his Complaint, he alleges that Defendants falsified evidence and testimony to wrongfully convict him. (ECF No. 1). Plaintiff

contends that their acts violated his due process rights and Fourth Amendment rights. (ECF No. 1). However, the second Report concludes that Plaintiff's claims should be dismissed for the following reasons. (ECF No. 23).

### i. Plaintiff's Claims are Barred by Res Judicata

First, the Report addresses Plaintiff's claims against Defendant Alan Wilson. (ECF No. 23). The Report recommends dismissing these claims because they have already been adjudicated and decided by this court, and as such, they are barred by res judicata. (ECF No. 23).[2] Plaintiff objects that this current action is not barred by res judicata because it is to vindicate rights conferred to him in a judgment that he attached to his objections. (ECF No. 25). Plaintiff filed fifty-five pages of attachments to his objections and after review, the Court has not found a "judgment" or any document which could be construed as support for Plaintiff's argument. (ECF No. 25). Plaintiff's objection is incoherent and it fails to sufficiently respond to second Report and its conclusion that his claims are barred by res judicata. (ECF No. 25). Therefore, the Court adopts the second Report (ECF No. 23) and dismisses Plaintiff's claims against Defendant Alan Wilson. (ECF No. 1).

### ii. Plaintiff's Complaint is barred by Heck v. Humphrey

Next, the second Report addresses Plaintiff's accusations that his rights were violated when he was arrested and prosecuted by Defendants for murder. (ECF No. 23). The second Report correctly concludes that Defendant's accusations are barred by *Heck v. Humphrey*. *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff is required to successfully challenge his imprisonment before he can recover any damages for his alleged unconstitutional conviction or imprisonment. The second Report argues that Plaintiff has failed to do so. (ECF No. 23). However, Plaintiff

---

[2] *Legette v. Wilson*, C/A No. 6:17-cv-02933-JFA, at ECF No. 9; 14 (D.S.C.).

objects stating that the "judgment record" is proof of a successful challenged imprisonment. (ECF No. 25). Additionally, Plaintiff cites *Edwards v. Balisok* for support. *Edwards v. Balisok*, 117 S. Ct. 1584 (U.S. 1997). (ECF No. 25). Once again, the Court has not found a judgment in the record which provides evidence that Plaintiff has successfully challenged his murder conviction. Further, Plaintiff's reliance on *Edwards* is misplaced because *Edwards* contemplated the applicability of *Heck* to a Prisoner's challenge to prison disciplinary procedures. Here, Plaintiff is challenging the validity of his conviction, and therefore, *Heck* is directly applicable to such a challenge. Therefore, the Court adopts the second Report (ECF No. 23) and Plaintiff's claims that his rights were violated when he was arrested and prosecuted for murder are dismissed. (ECF No. 1)

### iii. Plaintiff's Complaint Fails to State Claim for Relief

In the second Report, the Magistrate Judge recommends that the Court summarily dismiss Plaintiff's complaint because it fails to state a claim for relief. (ECF No. 23). First, the second Report asserts that Plaintiff's claims against Defendant Alan Wilson and Ralph Wilson should be dismissed because have prosecutorial immunity from this action. In his objections, Plaintiff admits that the Defendants have prosecutorial immunity but states they cannot prevail on this ground because his "verified claim" in the attachments establish their criminal liability. (ECF No. 25). Plaintiff has not attached an attachment which could support this accusation. Therefore, the Court adopts the second Report (ECF No. 23) and Plaintiff's claims against Defendants Alan Wilson and Ralph Wilson are dismissed. (ECF No. 1).

Additionally, Plaintiff named Horry County and Horry County Police Department as Defendants in his action. As the second Report points out, the Complaint does not allege any specific claims against these parties but to the extent Plaintiff does have claims against them, they are barred. (ECF No. 23). The Report correctly concludes that Plaintiff's vague and conclusory

allegations are insufficient to state a claim for relief against these Defendants. (ECF No. 23). Plaintiff argues that although these Defendants may not be able to be sued under respondeat superior theory, they can be sued directly under a §1983 cause of action and he cites *Monell v. Department of Social Services of City of New York* for support. *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). While municipalities, such as these Defendants, can be sued directly under § 1983, it is only when a Plaintiff alleges that it was the city's policies which cause the constitutional violation. *Id.* Plaintiff has not alleged that Horry County or the Horry County Police Department's policies caused a constitutional violation of his rights. Therefore, the Court adopts the second Report (ECF No. 23) and Plaintiff's claims against Horry County and the Horry County Police Department are dismissed. (ECF No. 1).

In his Complaint, Plaintiff alleges a Fourth Amendment violation against Defendant Officer Matthew Shane Twigg ("Officer Twigg"). (ECF No. 1). The second Report recommends dismissal of Plaintiff's claims against Officer Twigg because Plaintiff has not demonstrated that he lacked probate cause to arrest him. (ECF No. 23). In his Objections, he asserts that his claims are not subject to dismissal because Plaintiff was never lawfully arrested, never arraigned, denied due process, and equal protection of the law. (ECF No. 25). However, as the Magistrate Judge did in the second Report (ECF No. 23), this Court recognizes that a grand jury indicted Plaintiff. (ECF No. 23).[3] "An indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause." *Durham v. Horner*, 690 F. 3d 183, 189 (4th Cir. 2012). Therefore, the Court adopts the second Report (ECF No. 23) and dismisses Plaintiff's claims against Officer Twigg. (ECF No. 1).

---

[3] See Horry County Public Index, enter "Roger Syntell Legette" and CAW199612007, CAW 199612008, CAW 199612009).

### iv. Plaintiff's South Carolina State Law Claims

In the second Report, the Magistrate Judge recommends that this Court decline to exercise jurisdiction over Plaintiff's state law claims. (ECF No. 23). In his Objections, Plaintiff argues that this Court "must" exercise supplemental jurisdiction over his claims such that he can vindicate his rights. (ECF No. 25). However, "it has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of Plaintiff's right." *United Mine Workers of America v. Gibbs*, 382 U.S. 715, 726 (1966). Further, "if federal claims are dismissed before trial…the state claims should be dismissed as well." *Id.* Because all of Plaintiff's federal claims have been dismissed, the Court will decline to exercise jurisdiction over any of his remaining state law claims. Therefore, the Court adopts the second Report (ECF No. 23) and dismisses any of Plaintiff's remaining state law claims. (ECF No. 1).

### c. Plaintiff's Motion for Declaratory Judgement and Permanent Injunction

On September 30, 2019, Plaintiff filed a Motion for Declaratory Judgement and Permanent Injunction. (ECF No. 28). Plaintiff's Motion is barred by *Heck* because bars claims for injunctive and declaratory relief. *Heck v. Humphrey*, 512 U.S. 477 (1994). Declaratory and injunctive relief which would overturn a state judgment of conviction are not cognizable in a § 1983 action. *Hamlin v. Warren,* 664 F.2d 29 (4th Cir.1981); See also *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 ["[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit ...—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."]; *Mobley v. Tompkins*, 473 Fed. Appx. 337 (4th Cir. 2012) [applying *Heck* in a civil action seeking damages and injunctive relief relating to federal convictions] (citing *Heck*, 512 U.S. at 486-487; *Harvey v. Horan*, 278 F.3d 370, 375 (4th Cir. 2002), abrogated on other grounds by *Skinner v. Switzer*, 562

U.S. 521 (2011)). Here, declaratory and/or injunctive relief in Plaintiff's favor would act to invalidate his state court conviction. Plaintiff specifically requests "to be set at liberty" and for the Defendants to be arrested for their criminal acts in connection with his conviction. (ECF No. 28). Therefore, the Court dismisses Plaintiff's Motion because it is barred by *Heck*. (ECF No. 28).

### d. Plaintiff's Writ of Coram Non-Judice

On September 23, 2019 Plaintiff filed a Writ of Coram Non-Judice. (ECF No. 27). Although the Writ is mostly incoherent, the Plaintiff appears to be challenging this Court's jurisdiction over his claims. "If jurisdiction does not appear upon the face of the proceedings, the presumption of law is, that the Court had not jurisdiction, and the cause was coram non judice; in which case no valid judgment could be entered." *Ex Parte Watkins*, 28 U.S. 193 (1830). Plaintiff's Writ of Coram Non-Judice is without merit as Plaintiff is the one who filed the Complaint at issue in this Court asserting claims arising under federal law, specifically, 42 U.S.C. § 1983. (ECF No. 1). Therefore, Plaintiff's Writ of Coram Non-Judice is dismissed. (ECF No. 27).

### e. Cross Claim for Indemnity and Declaratory Relief

On November 4, 2019, Plaintiff filed a Cross Claim for Indemnity and Declaratory Relief. (ECF No. 30). It appears Plaintiff is requesting the Court's enforcement of his previously filed Motion for Injunctive Relief and Temporary Restraining Order. (ECF No. 3). The Court has ruled in this Order that Plaintiff's Motion for Injunctive Relief and Temporary Restraining Order is denied because Plaintiff failed to meet the requisite standard for either form of relief. Therefore, Plaintiff's Cross Claim for Indemnity and Declaratory Relief is denied. (ECF No. 30).

### IV. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Reports, and the

objections thereto, this Court adopts the Magistrate Judge's first Report and Recommendation (ECF No. 9) and denies Plaintiff's Motion for a Preliminary Injunction or Temporary Restraining Order (ECF No. 3). The Court adopts the Magistrate Judge's second Report and Recommendation (ECF No. 23) and dismisses Plaintiff's Complaint without prejudice. (ECF No. 1). Additionally, Plaintiff's Motion for Declaratory Judgment and Permanent Injunction (ECF No. 28) is denied, Plaintiff's Writ of Coram Non Judice (ECF No. 27) is dismissed, and Plaintiff's Cross Claim for Indemnity and Declaratory Relief is denied. (ECF No. 30).

IT IS SO ORDERED.

November 12, 2019
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge